# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-652V

|  |  |
|---|---|
| RALEIGH GHARBI *and* CYRUS GHARBI, *on behalf of A.G., a minor child,*<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2026 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners.*

*Michael Bliley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On April 24, 2024, Raleigh and Cyrus Gharbi ("Petitioners") filed a petition for compensation on behalf of A.G., their minor child, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that following receipt of a rotavirus vaccine on June 13, 2023, A.G. suffered an intussusception. Pet., ECF No. 1. Petitioners further allege that the vaccine was received in the United States, A.G.'s injury resulted in inpatient hospitalization and surgical intervention, and neither Petitioners nor any other party have ever received compensation in the form of an award or settlement for A.G.'s vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 8, 2025, a Ruling on Entitlement was issued, finding Petitioners entitled to compensation for A.G.'s injury. ECF No. 24. On May 15, 2026, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

filed a Proffer on award of compensation ("Proffer"). ECF No. 48. Respondent proffers that Petitioners should be awarded $16,032.00 to satisfy a State of Florida ("Sunshine Health") Medicaid Lien and $80,000.00 for pain and suffering, representing an amount sufficient to purchase an annuity contract as described in Proffer Section II.B. *Id.* at 3. Petitioners agree with the amounts set forth in the Proffer. *See id.* at 4. Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioners the following:**

A. **A lump sum payment of $16,032.00, representing satisfaction of the Sunshine Health Medicaid Lien to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to:**

> **The Rawlings Company LLC**
> **ATTN: Subrogation**
> **P.O. Box 2000**
> **La Grange, KY 40031-2000**
> **Reference No.: 139542472**

B. **An amount of $80,000.00 in pain and suffering, to purchase the annuity contract described in Section II.B of the Proffer.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| RALEIGH GHARBI and CYRUS GHARBI on behalf of A.G., a minor child,<br><br>　　　　　　Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | No. 24-652V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

### I.　　Procedural History

On April 24, 2024, Raleigh and Cyrus Gharbi ("petitioners"), filed a petition for compensation on behalf of their minor child, A.G., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that following a rotavirus vaccination administered on June 13, 2023, A.G. suffered an intussusception, as defined in the Vaccine Injury Table ("Table"), within the timeframe identified in the Table.. Petition at 1.  On January 3, 2025, respondent filed his Rule 4(c) report, concluding that petitioners had satisfied the requirements for compensation under the terms of the Act for a Table injury.  ECF No. 22.  On January 8, 2025, the Chief Special Master issued a Ruling on Entitlement, finding petitioners entitled to compensation.  ECF No. 26.

## II.    Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

### A.    Medicaid Lien

Respondent proffers that petitioners should be awarded funds to satisfy a State of Florida ("Sunshine Health") Medicaid lien in the amount of $16,032.00, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action Sunshine Health may have against any individual as a result of any Medicaid payments Sunshine Health has made to or on behalf of A.G. from the date of her eligibility for benefits through the date of judgment in this case as a result of A.G.'s vaccine-related injury suffered on or about September 8, 2020, under Title XIX of the Social Security Act.  Reimbursement of the Sunshine Health Medicaid lien shall be made through a lump sum payment of $16,032.00, representing compensation for satisfaction of the Sunshine Health Medicaid lien, in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

> The Rawlings Company LLC
> ATTN: Subrogation
> P.O. Box 2000
> La Grange, KY 40031-2000
> Reference No.: 139542472

---

[1] Should A.G. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

B.    Pain and Suffering

For pain and suffering, respondent proffers that the Chief Special Master should award an amount not to exceed $80,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to A.G. as set forth below:

a.  A certain Lump Sum of $54,814.36 payable on 12/12/2040.

b.  A certain Lump Sum of $60,862.18 payable on 12/12/2042.

---

[2]  At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

c.    A certain Lump Sum of $67,586.52 payable on 12/12/2044.

The purchase price of the annuity described in this section II.B. shall be neither greater nor less than $80,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $80,000.00, the certain lump sum payable on 12/12/2044, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $80,000.00. Should A.G. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of A.G.'s death.

These amounts represent all elements of compensation to which A.G. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.[5]

III.    **Summary of Recommended Payments Following Judgment**

A.    Sunshine Health Medicaid Lien:                          **$16,032.00**

B.    An amount of $80,000.00 to purchase the annuity contract
       described above in section II.C.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[5]  At the time payment is received, A.G. will be an adult, and thus guardianship is not required. However, petitioners represent that they presently are, or if necessary, will become, authorized to serve as guardian(S)/conservator(s) of A.G.'s estate as may be required under the laws of the State of Florida.

4

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

*s/ Michael S. Bliley*
MICHAEL S. BLILEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4357
Email: Michael.Bliley@usdoj.gov

DATED:    May 15, 2026

5

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Rules of the United States Court of Federal Claims, I certify that on this 15th day of May, 2026, a true and correct copy of the foregoing pleading was sent to petitioner's counsel via email at jpop@poplawyer.com

*/s/ Michael S. Bliley*
MICHAEL S. BLILEY